**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-CV-00698-REB-MJW

IOWA NETWORK SERVICES, INC.

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC, et al.

    Defendants.

---

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO
PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

---

Plaintiff Iowa Network Services, Inc. ("INS") hereby notifies the Court of a recent decision by the United States District Court for the Southern District of Iowa in *Iowa Network Servs., Inc. v. Sprint Commc'ns Co., L.P.*, No. 4:10-cv-00102-JEG-RAW (S.D. Iowa Sept. 17, 2015) ("*INS v. Sprint Decision*"), that has bearing on the Report and Recommendation [Doc. #29] ("Report") issued in this case, and INS' Objections [Doc. #30] thereto. A copy of the *INS v. Sprint Decision* is attached as Exhibit 1.

In the Report, the Magistrate Judge recommended that Count II of INS' Amended Complaint be dismissed because INS' contract claim was purportedly preempted by the filed rate doctrine. Report at 4-6. Counsel for Sprint in the *INS v. Sprint* case is the same counsel for Level 3 in the case at bar. Sprint brought the Report to the Iowa District Court's attention and argued to the Iowa court that because INS alleged that it had an express contract in both the Level 3 and Sprint cases, and the Report recommended that

the contract claim against Level 3 be dismissed because it was ostensibly barred by the filed rate doctrine, the Iowa District Court should also refuse to allow INS to bring contract claims against Sprint. *INS v. Sprint Decision* at 14-15. This is the same argument made by Level 3 in the instant case.

Applying the same standards under Rule 12(b)(6) for a motion to dismiss as the Report did in recommending that Count II be dismissed, the Iowa District Court rejected Level 3's argument that the filed rate doctrine barred INS' contract claims. Rather, the Iowa District Court ruled that INS could bring contract claims against Sprint even though INS' complaint also sought enforcement of its tariffs under the filed rate doctrine. *INS v. Sprint Decision* at 15. Specifically, the Iowa District Court ruled that "the Court [could not] say the law [was] so clear that the contract claims should not even be allowed to be pleaded." *Id.*

The Iowa District Court's decision in *INS v. Sprint* is correct, and its decision to allow INS' contract claims to proceed concurrently with INS' tariff claims is consistent with other court decisions determining that contracts that supplement, and do not conflict with a filed tariff, are permitted. *See* INS Objections at 2-4 (citing, among other cases, *AT&T v. Cent. Office Tel. Inc.* 524 U.S. 214, 229 (1998) (filed rate doctrine only preempts suits that seek to alter the terms and conditions in the tariffs); *Imports Etc. Ltd. V. ABF Freight Systems, Inc.*, 162 F.3d 528, 531-32 (8th Cir. 1998) (contract terms that do not affect rates, or simply complete or supplement tariff terms, is not an unlawful agreement between shipper and carrier); *Iowa Network Servs., Inc. v. Qwest Corp*, 466 F.3d 1091, 1097-98 (8th Cir. 2006) (although INS' tariff contained terms requiring payment for the

routing of wireless traffic, INS was required to enter into express contracts with long distance service providers to receive compensation for the routing of such traffic to other carriers)).

The express contract between INS and Level 3, formulated by the exchange of Level 3's access service requests ("ASRs") and INS' firm order commitments, does not conflict with, but instead, supplements the tariffs. If Level 3 wants to contract for service from INS, the tariffs state exactly what terms Level 3 must include in the ASRs. Therefore, the terms of the ASRs are mandated by, and cannot conflict with, the tariffs. Furthermore, Mr. Dublinske has argued in *INS v. Sprint* that INS' tariffs do not apply to certain traffic, and INS anticipates that he will eventually make the same argument here. While INS is confident that this Court will find that INS' tariffs apply to all traffic that Level 3 has delivered to INS for completion, there cannot possibly be any conflict with the tariffs if the tariffs do not apply. Just as the 8th Circuit held in *INS v. Qwest*, when there is traffic that is not covered by INS' tariffs, it is permissible for INS to receive compensation pursuant to an express contract.

The Court should not adopt the Report's recommendation to dismiss Count II of INS' Amended Complaint because, as discussed above and in INS' Objections, that recommendation is contrary to Supreme Court, Circuit Court, and District Court decisions holding that contracts that supplement, and do not contradict the terms of a filed tariff, are permitted. Rather, the Court should follow the *INS v. Sprint Decision*, and permit Count II to proceed as a concurrent or an alternative claim.

        Respectfully submitted,


        <u>  s/ James U. Troup                       </u>
        James U. Troup
        Tony S. Lee
        Fletcher, Heald & Hildreth, P.L.C.
        1300 North 17th Street
        Suite 1100
        Arlington, VA 22209
        Tel:     (703) 812-0400
        Fax:    (703) 812-0486
        Email:   troup@fhhlaw.com
                     lee@fhhlaw.com

        Attorneys for Iowa Network Services, Inc.

Date:  September 18, 2015

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following via the Court's CM/ECF system:

> Bret A. Dublinske
> FREDRIKSON & BYRON
> 505 East Grand Avenue
> Suite 200
> Des Moines, IA 50309

                                                  s/ Tony S. Lee